**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1305**

KENNETH LUCERO,

             Plaintiff - Appellant,

      v.

WAYNE A. EARLY; MAYOR AND CITY COUNCIL OF BALTIMORE;
BALTIMORE CITY POLICE DEPARTMENT,

             Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:13-cv-01036-JFM)

Submitted:  December 22, 2015       Decided:  February 5, 2016

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Sean R. Day, Greenbelt, Maryland, for Appellant.   George A.
Nilson, Steven J. Potter, Glenn R. Marrow, Ashley E. McFarland,
BALTIMORE CITY LAW DEPARTMENT, Baltimore, Maryland, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Lucero seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint against the Mayor and City Council of Baltimore and the Baltimore City Police Department (collectively, "municipal Defendants"). This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949).

Because Lucero's claims against Officer Wayne Early remain pending in the district court, the order Lucero seeks to appeal is not a final order.* Nor is it an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack

_____

* The parties dispute whether the claims against Officer Early, contained in Counts 1, 4, and 5 of the amended complaint, remain pending in the district court. In those Counts, Lucero challenged Officer Early's enforcement of Baltimore's policy restricting leafletting in certain areas, including a claim that Officer Early selectively enforced the policy based on the viewpoint of the leafletters. We find that the district court's order is ambiguous regarding its finality. Although the court stated, "This action is dismissed," it did not specifically address the claims against Officer Early in its opinion and the motion it granted only sought dismissal of the claims against the municipal Defendants. We conclude that the court's ambiguous order is insufficient to confer jurisdiction to this court. See Reinholdson v. Minnesota, 346 F.3d 847, 849 (8th Cir. 2003) ("To be final, an order or judgment must reflect some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as the court is concerned, is the end of the case." (brackets and internal quotation marks omitted)).

of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED